IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STANFORD NIELSON,<br><br>          Plaintiff,<br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, ET AL.<br><br>          Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-00052-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## Introduction

This matter was referred to the Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket No. 12.) Pro se Plaintiff is Stanford Nielson. Defendants are Wells Fargo Bank, NA, Phillip Meeks, Brent Scherzinger, Michael Pazzi, and John Does 1–100.

The Court now considers Defendants' Motion to Dismiss for Failure to State a Claim. (Docket No. 7.) For the reasons set forth below, the Court **RECOMMENDS** the District Court grant Defendants motion in part and **DISMISS** Plaintiff's intentional infliction of emotional distress claim; and deny Defendants motion in part, allowing Plaintiff's discrimination claims to proceed against Defendant Wells Fargo Bank, NA.

## Background

On January 27, 2014, Mr. Nielson filed a pro se complaint against his former employer, Wells Fargo Bank, NA ("Wells Fargo") and his former supervisors, Phillip Meeks, Michael Pazzi, and Brent Scherzinger. Mr. Nielson alleges three causes of action: (1) violation of the federal Age Discrimination in Employment Act, 29 U.S.C. 612–634; (2) violation of the Utah

Antidiscrimination Act, Utah Code Ann. § 34A-5-101 through -108; and (3) intentional infliction of emotional distress. (Docket No. 1.) Plaintiff filed an Amended Complaint that included a jury demand in the body of the document, but otherwise differed little from the original complaint. (Docket No. 3.)

On March 24, 2014 Defendants filed the present Motion to Dismiss Plaintiff's Complaint asserting that Mr. Nielson's complaint is facially deficient, improperly alleges discrimination claims against individual defendants, and is preempted by Utah's Workers Compensation Act. (Docket No. 7.) Mr. Nielson opposed Defendants' motion (Docket No. 8.) and Defendants filed a reply to Plaintiff's opposition. (Docket No. 10.)

## Summary of the First Amended Complaint

The following allegations come from Plaintiff's pro se First Amended Complaint. Plaintiff became employed with Wells Fargo on October 21, 2011, as a Senior Business Banker in the Acquisitions Group. In November 2012 he advanced to the position of Vice President. Plaintiff received a satisfactory performance review in January 2013.

Defendant Meeks became Plaintiff's supervisor in February 2013. "Shortly thereafter" Defendant Scherzinger also began supervising Plaintiff. Around this same time, Defendants began threatening to terminate Plaintiff's employment and withhold compensation. Defendants also began requiring Plaintiff to submit reports that were never read and required inconsistent revisions to reports Plaintiff prepared. Defendants also took away Plaintiff's authority to take certain actions, and provided support staff to Plaintiff that lacked necessary training.

Defendants also told Plaintiff that at least one customer had lodged a complaint about Plaintiff and that he needed to improve on his customer service. Defendants did not initially explain what Plaintiff needed to do to improve. When they later outlined their expectations, those

expectations held Plaintiff to a higher standard than the other employees in his office. Ultimately, Wells Fargo terminated Plaintiff's employment on May 17, 2013.

## Analysis

### I.   Plaintiff adequately pled discrimination claims against Defendant Wells Fargo.

When evaluating a Rule 12(b)(6) motion to dismiss, the Court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). Conclusory allegations will not suffice. *Id.* Further, the Court is further mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendants first argue that Plaintiff's discrimination claims lack sufficient detail regarding "who was involved, when the events happened, and any specific information about his general allegations . . . ." (Docket No. 7 at 6.) Defendants' contention that Plaintiff failed to identify who participated in the alleged discrimination is belied by their second argument: that Plaintiff should not have named each individual supervisor as a defendant. (Docket No. 7 at 6–7.) Plaintiff clearly alleges that these individual defendants were involved. Plaintiff also includes fictional defendants, suggesting that discovery may reveal others who were also involved.  Next, Plaintiff explains when the alleged events occurred. Plaintiff became employed with Wells Fargo on October 21, 2011, and was terminated on May 17, 2013. (Docket No. 3 at 3, 5.) This alone provides a relatively narrow temporal focus, but Plaintiff provides additional clarity. According to Plaintiff, Defendants Meeks and Scherzinger, about whom Plaintiff principally complains,

began to supervise Plaintiff in February 2013 (Meeks) or "shortly thereafter" (Scherzinger). (Docket No. 3 at 4.) Finally, Plaintiff alleges several specific discriminatory acts; as Defendants explicitly recognize. Defendants acknowledge that Plaintiff complains of unwarranted "threats, required revisions of documents, [failure to] read [required] reports, provid[ing] untrained support, and 'remov[ing] authority necessary to properly manage relationships.'" (Docket No. 7 at 6–7.) While Defendants may disagree with the facts alleged, Plaintiff has provided more than enough detail to allow Defendants admit or deny the allegations of age-based discrimination.

Next, Defendants argue that Plaintiff's complaint is deficient because he cannot identify the age of his replacement hired by Defendant Wells Fargo. Defendants then invite the Court to view the facts their favor, rather than Plaintiff's. These arguments are not well taken. Defendant Wells Fargo presumably has in its possession, custody, or control, all facts regarding Plaintiff's replacement. Additionally, the facts are viewed, as Defendants acknowledge in their brief, "in the light most favorable to the plaintiff." (Docket No. 7 at 5.) This Court declines Defendants invitation to abandon its duty in this regard.

### a. Plaintiff clarified that he is not pursuing discrimination claims against his former supervisors individually.

Plaintiff recognizes, as he must, that individual employees are not proper defendants in a Title VII discrimination action. "Title VII liability is borne by employers and not individual supervisors." *Kramer v. Galleon Armored Car & Sec.*, 216 F.3d 1087 (10th Cir. 2000) (unpublished decision) (citing *Haynes v. Williams*, 88 F.3d 898 (10th Cir. 1996); *and Sauers v. Salt Lake County*, 1 F.3d 1122 (10th Cir. 1993)). Mr. Nielson clarifies that he "makes no claim for liability against the individual defendants on the discrimination claims." (Pl.'s Mem. Response at 4.) Accordingly, the state and federal discrimination claims need not be dismissed in light of Plaintiff's clarification those claims are alleged against Defendant Wells Fargo only.

4

## II. Plaintiff has not adequately pled a claim for intentional infliction of emotional distress because he does not allege that he suffered severe emotional distress.

To properly plead a claim for intentional infliction of emotional distress, a Plaintiff must allege that he suffered distress "'so severe that no reasonable person could be expected to endure it' . . ." *Schuurman v. Shingleton*, 26 P.3d 227, 233 (Utah 2001) (alterations omitted) (quoting *Restatement (Second) of Torts* § 46 cmt. J)). "'[I]t is for the court to determine whether, on the evidence severe emotional distress can be found.'" *Id.* Additionally, notwithstanding the lenity afforded pro se plaintiffs, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall* 935 F.2d at 1110.

Here, Mr. Nielson has not alleged that he suffered distress so severe that a reasonable person could not be expected to endure it. In fact, Mr. Nielson does not allege that he suffered any distress. Accordingly, Mr. Nielson's "intentional infliction of emotional distress claim . . . fails because he has not alleged that he actually suffered extreme emotional distress as a result of [Wells Fargo]'s conduct." *Tomlinson v. NCR Corp.*, 296 P.3d 760, 769 (Utah Ct. App. 2013) *rev'd on other grounds by,* 2014 WL 6653968 (Utah 2013); *see also id.* (citing *Schuurman*, 26 P.3d 227) ("claims of a destroyed marriage, failing to seek treatment for an eating disorder and depression, and the need for future counseling services were insufficient to maintain a claim of intentional infliction of emotional distress . . .").

The most that can be inferred from Mr. Nielson's complaint is that he suffered the stress attendant to losing his job. "Utah courts have repeatedly rejected plaintiffs' claims of intentional infliction of emotional distress arising out of an alleged wrongful termination." *Zoumadakis v.*

*Uintah Basin Med. Ctr., Inc.*, 122 P.3d 891, 894–95 (Utah Ct. App. 2005) (mem.). Thus, Mr. Nielson failed to state a claim for intentional infliction of emotional distress.

The Court need not reach Defendants' arguments that Mr. Nielson failed to plead sufficiently outrageous conduct, or that the claim is preempted by the Utah Workers' Compensation Act because Mr. Nielson failed to plead the requisite emotional distress.

## Recommendation

For the reasons discussed above, the Court **RECOMMENDS** the District Court grant Defendants motion in part and **DISMISS** Plaintiff's claim of intentional infliction of emotional distress against all Defendants; and deny Defendants motion in part, allowing Plaintiff's discrimination claims to proceed against Defendant Wells Fargo Bank, NA. (Docket. No. 4)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 2nd day of December, 2014.　　　　By the Court:

　　　　　　　　　　　　　　　　　　　　　　　Dustin B. Pead
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge