IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STANFORD NIELSON,<br><br>   Plaintiff,<br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, ET AL.<br><br>   Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00052-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

  This matter was referred to the Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 12.) Pro se Plaintiff Stanford Nielson filed a motion to strike Defendant Wells Fargo Bank, NA's ("Wells Fargo") answer.[1] (Dkt. 17.) Wells Fargo opposes the motion. (Dkt. 21.) Plaintiff did not file a reply and the time for doing so has now expired.

  **I. ANALYSIS**

  Plaintiff argues that Wells Fargo's answer should be stricken because Wells Fargo did not file a corporate disclosure statement prior to filing its motion to dismiss or its answer.[2] (Dkt. 17.). Wells Fargo contends that Plaintiff's motion should be denied because he cites to no authority to support his position and has not indicated that he was prejudiced by Wells Fargo's belated corporate disclosure statement. (Dkt. 21.)

  Plaintiff cites to Rule 7.1, but that rule does not provide for striking pleadings based on a failure to file the contemplated disclosure statement. As Wells Fargo points out, the Southern

---

[1] The motion is styled "Motion to Dismiss Defendants Pleadings."

[2] Wells Fargo has since filed its corporate disclosure statement. (Dkt. 18.)

District of Florida recently refused to dismiss a complaint based on plaintiff's failure to file a corporate disclosure statement. *See Capital One, Nat'l Assoc. v. M/Y Zureel*, No. 13-60223, 2014 WL 1203136, *5–6 (S.D. Fla. Mar. 13, 2014). Moreover, motions to strike pleadings are disfavored by courts. *See Caspers Ice Cream, Inc. v. Fatboy Cookie Co.*, No. 12-133, 2013 WL 2367976, at *6 (D. Utah May 29, 2013).

Plaintiff does not offer a legal basis for striking Wells Fargo's answer. Likewise, Plaintiff does not indicate that he suffered any prejudice as a result of Wells Fargo's delayed corporate disclosure statement. No prejudice is apparent to the Court. Thus, the severe remedy Plaintiff seeks is not proportional to Wells Fargo's conduct.

## II.  ORDER

Based on the analysis above, the Court hereby **DENIES** Plaintiff's "Motion to Dismiss Defendants Pleadings." (Dkt. 17.)

Dated this 27th day of February, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge