IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STANFORD NIELSON,<br><br>      Plaintiff,<br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, ET AL.<br><br>      Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-00052-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## Introduction

This matter was referred to the court pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 12.) This case involves alleged age-based employment discrimination and intentional infliction of emotional distress. (*See* ECF No. 23.) Presently, the case is before the court on Defendants Wells Fargo Bank, NA, Phillip Meeks, Brent Scherzinger, and Michael Pazzi's ("Defendants"), motion for judgment on the pleadings. (ECF No. 36.) The matter is fully briefed. (*See* ECF Nos. 38–39.) The court did not hear oral argument.

## Parties' arguments

Defendants argue that Plaintiff Stanford Nielson's ("Plaintiff") claim for intentional infliction of emotion distress should be dismissed against all Defendants because Utah's Workers' Compensation Act ("the Act") provides the exclusive remedy for injuries suffered in the workplace. (ECF No. 36.) Defendants acknowledge that there is an exception to the exclusive-remedy provision for intentional torts committed against employees, but Defendants assert the exception does not apply here. (*Id.*) Plaintiff, on the other hand, argues that this case does fall within the exception for intentional torts. (ECF No. 38.)

**Standard of review**

A motion for judgement on the pleadings is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Accordingly, the court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations will not suffice. *Id.* Further, the court is further mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Analysis**

**I.      The Utah Workers' Compensation Act does not provide the exclusive remedy for Plaintiff's claim of intentional infliction of emotional distress against Defendants Meeks and Scherzinger.**

The Act has an exclusive-remedy provision that relieves employers of common-law liability for injuries sustained by employees related to, or arising out of, the employment relationship. *Helf v. Chevron U.S.A., Inc.*, 203 P.3d 962, 967 (Utah 2009). The Act seeks to provide a compromise that allows employers to avoid potentially-disruptive lawsuits, and in return allows employees to recover for workplace injuries without demonstrating fault. *Id.* Nonetheless, there is an exception to the exclusive remedy provision that allows an employee to sue employers and co-employees who intentionally injure an employee. *Id.* at 968.

   **a.   *Retherford v. AT & T Communications of Mountain States, Inc.***

Defendants suggest that an employee "cannot sue the employer's agent[,] but may only sue the employer for injuries caused by an intentional tort." (ECF No. 36.) Defendants then cite

several cases analyzing the intentional-tort exception under Utah law. (*See id.*) Yet, Defendants' briefing conspicuously omits any mention of a case in which the Utah Supreme Court explicitly addressed whether the Act provides the exclusive remedy for claims of intentional infliction of emotional distress brought against co-employees. *See Retherford v. AT & T Commc'ns of Mountain States, Inc.*, 844 P.2d 949 (Utah 1992). The *Retherford* court reiterated an earlier holding that the exclusive-remedy provision applies to claims for emotional distress. *Id.* at 965. Notwithstanding application of the exclusive-remedy provision, the court stated:

> Regarding [Plaintiff]'s claim against h[is] fellow employees for intentional infliction of emotional distress, [Utah courts] have long held that an employee injured by the intentional tort of a fellow employee may sue the fellow employee personally. *See Bryan v. Utah Int'l*, 533 P.2d 892, 894 (Utah 1975). Therefore, the Workers' Compensation Act poses no bar to [Plaintiff]'s suing h[is] fellow employees for intentional torts.

*Id.* at 965 n.8. Accordingly, claims for intentional infliction of emotional distress against co-employees are not barred by the exclusive-remedy provision of the Act. Nonetheless, as Defendants later argue, Plaintiff must sufficiently allege facts to demonstrate that each Defendant intended to harm Plaintiff. (ECF No. 39 (citing *Helf v. Chevron U.S.A., Inc.*, 203 P.3d 962 (Utah 2009).) The court turns now to that matter.

### b. Plaintiff sufficiently alleges that Defendants Meeks and Scherzinger intended to harm him

*Helf* requires a Plaintiff to plead "that his employer or fellow employee manifested a deliberate intent to injure him." *Id.* at 969. Here, Plaintiff alleges that Defendants Meeks and Scherzinger engaged in a "concerted effort to threaten and intimidate" Plaintiff. (ECF no. 23 at 4.) Plaintiff goes on to list examples of actions taken by Defendants Meeks and Scherzinger in furtherance of this effort. (*See id.*) Plaintiff further alleges that these two Defendants acted intentionally as part of "a calculated plan to cause [P]laintiff . . . harm." (*Id.* at 7.) The court finds these allegations, particularly when made by a pro se plaintiff, sufficient to allege intent to harm

3

Plaintiff. In fact, Plaintiff alleges not only that Defendants Meeks and Scherzinger intended to harm him in the meaning of *Helf*, but also that their motive was to harm him. *See* 203 P.3d at 972–73 (explaining that intent for purpose of the exclusive-remedy exception is broader than, but includes, motive or desire). Defendants may disagree with these allegations, but the court must accept them as true at this stage. *See* 587 F.3d at 1068. Thus, the Act does not provide the exclusive remedy for Plaintiff's claim of intentional infliction of emotional distress against Defendants Meeks and Scherzinger.

### c. Plaintiff does not allege facts that suggest Defendants Wells Fargo or Pazzi intended to harm him

On the other hand, the court agrees with Defendants that Plaintiff has not alleged intentional conduct against Wells Fargo or Mr. Pazzi. As to Defendant Wells Fargo, Plaintiff alleges that Defendants Meeks and Scherzinger's acted "in contradiction to the stated policies of Wells Fargo's company[-]wide policies . . . ." (ECF No. 23 at 4.) Thus, the Second Amended Complaint does not allege that Wells Fargo intended to harm Plaintiff. *See Mounteer v. Utah Power & Light Co.*, 823 P.2d 1055, 1059 (Utah 1991) (finding that conduct could not have been intended by an employer where the conduct allegedly violated that employer's policy).[1] Similarly, Plaintiff does not make any factual allegations regarding Mr. Pazzi. Instead, Plaintiff alleges only his "belief" that Mr. Pazzi "knew of, supervised and sanctioned" the actions of Defendants Meeks and Scherzinger's. (*Id.* at 5.) This belief is not sufficient to allege that Mr. Pazzi intended to harm Plaintiff. Even assuming Defendant Pazzi allowed the conduct to continue, such passive conduct does not constitute an allegation of intent to harm. *See Newsome v. McKesson Corp.*, 932 F. Supp. 1339, 1343 (D. Utah 1996) (finding no intentional act on the

---

[1] The parties did not discuss, and the court does not decide, whether Wells Fargo may be held vicariously liable for its employees' intentional infliction of emotional distress. *See Helf* at 975.

part of an employer whose managers allegedly allowed wrongful conduct to occur). Thus, Plaintiff has not alleged that Wells Fargo or Mr. Pazzi intended to harm him.

## Recommendation

For the reasons discussed above, the court **RECOMMENDS** the District Court **GRANT IN PART AND DENY IN PART** Defendants' motion for judgment on the pleadings. (ECF No. 36.) The District Court should **DISMISS** Plaintiff's claim of intentional infliction of emotional distress as to Defendant Wells Fargo Bank, N.A, and Michael Pazzi, but not Plaintiff's claim of intentional infliction of emotional distress against Defendants Meeks and Scherzinger.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 28th day of July, 2016.         By the Court:

                                           _____
                                           Dustin B. Pead
                                           United States Magistrate Judge