IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STANFORD NIELSON,<br><br>                 Plaintiff,<br>v.<br><br>WELLS FARGO BANK, NATIONAL<br>ASSOCIATION, ET AL.<br><br>                 Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-00052-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

**Introduction**

This matter was referred to the court pursuant to 28 U.S.C. § 636(b)(1)(B).  (*See* ECF No. 12.)  On January 27, 2014, Mr. Nielson ("Plaintiff") filed, pro se, a complaint against his former employer, Wells Fargo Bank, NA ("Wells Fargo") and former supervisors, in relevant part, Phillip Meeks ("Mr. Meeks") and Brent Scherzinger ("Mr. Scherzinger") (collectively referred to as "Defendants").  Mr. Nielson then amended his complaint on January 28, 2014 and again on February 24. 2015.  (*See* ECF Nos. 2, 23.)  The second amended complaint alleges three causes of action: (1) violation of the federal Age Discrimination in Employment Act, 29 U.S.C. §§612–634; (2) violation of the Utah Antidiscrimination Act, Utah Code Ann. § 34A-5-101 through -108; and (3) intentional infliction of emotional distress.  (*See* Second Amended Complaint ("Am. Compl."), ECF No. 23.)

In August of 2016, the Court dismissed Plaintiff's intentional infliction of emotional distress claim as to defendants Wells Fargo and another supervisor but not as to Mr. Meeks and Mr. Scherzinger.  (*See* ECF No. 45.)  Currently, Defendants' seek to dispose of all three causes of

action.   The motions pending before the court are Defendants' Motion for Summary Judgment (ECF No. 74), Defendants' Motion to Strike (ECF No. 83), and Plaintiff's Motion to Compel (ECF No. 93).

The court has carefully reviewed the moving papers submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the motions on the basis of the written papers.  *See* DUCivR 7-1(f).  For the reasons set forth below, the Court **RECOMMENDS** the District Court grant Defendants' Motion for Summary Judgment thereby mooting the remaining matters.

### Summary of Undisputed Facts

In October of 2011, Defendants hired Plaintiff to serve as Senior Business Relationship Manager reporting to Gary Havens ("Mr. Havens").  (*See* Am. Compl. at 3; Amended Answer to Second Amended Complaint ("Answer"), EFC No. 53 at 4; *see also*, Offer of Employment Letter, ECF No. 74-1 at 16.)  After a little over a year of employment, Plaintiff received a promotion.  (*See* Am. Compl. at 3; Answer at 4.)  Near the end of 2012, Plaintiff's immediate manager Mr. Havens transitioned to another position and his ten team members were equally reassigned between Mr. Meeks' and another manager.  (*See* ECF No. 74-1 at 87.)

At this time, Plaintiff and another individual (out of those who transitioned to Mr. Meeks' team) were the only two bankers over the age of 40.  (*See* Am. Compl. at 4; Answer at 4*; see also* ECF No. 74-1 at 87-8.)  In January of 2013, Plaintiff received a satisfactory performance review and a salary increase.  (*See* Am. Compl. at 4; Answer at 4.)  Despite this, it was known to Mr. Meeks that Plaintiff's performance "ranked near the bottom" of the five team members who transitioned his team.  (ECF No. 74-1 at 88.)  Purportedly, this information was gleaned because

each team member's outstanding loan and deposit balances were considered at the time of transition. (*Id.* at 87.)

Close in time with the reassignment of Plaintiff to Mr. Meeks' team, there were two openings for two Business Banking Managers, one of whom would oversee Mr. Meek's team. (*See* ECF No. 74-1 at 87-8.) In approximately February of 2013, Mr. Scherzinger was selected to fill the position reporting to Mr. Meeks, meaning he would also serve as Plaintiff's direct supervisor. (*See* Am. Compl. at 4; Answer at 4.)

In late February, 2013, Mr. Scherzinger received a call from a private banker regarding Plaintiff's poor performance. (*See* ECF No. 74-1 at 88.) On March 5, 2013, Mr. Meeks and Mr. Scherzinger met with Plaintiff to discuss his poor performance. (*Id.*) Mr. Meeks and Mr. Scherzinger considered Plaintiff to have been placed on informal warning at this time due to his poor customer service and lack of follow through with job duties. (*Id.*; *see also* ECF No. 74-1 at 13.) At the time, this level of corrective action appeared appropriate. (*Id.*)

After Plaintiff received the informal warning, Mr. Scherzinger continued to receive complaints about Plaintiff's deficient performance. (*See* ECF No. 74-1 at 89.) In response, Mr. Scherzinger issued a written formal warning to Plaintiff. (*See* ECF No. 74-1 at 66.) By way of the formal warning, Plaintiff was notified that he had until April 30, 2013 to meet the performance standards required of his job. (*Id.* at 67.) He was further notified that if he failed to "show immediate and sustained improvement in all performance standards and work expectations" then he could face termination. (*Id.* at 68.)

To ensure he was meeting the objectives set forth in the formal warning, Plaintiff and Mr. Scherzinger met almost each week to discuss his performance. (*See* ECF No. 74-1 at 89.) Mr. Scherzinger followed-up each meeting with emails to Plaintiff regarding his performance and

completion of tasks.  (*See e.g.* ECF No. 74-1- at 56-60.)  According to Mr. Scherzinger's emails,

Plaintiff continued to miss deadlines and struggle with customer service.  (*Id.*)  Consequently,

Defendants terminated Plaintiff's employment on May 17, 2013.  (*See* ECF No.74-1 at 55.)

After seeking administrative relief by filing a complaint with the Equal Employment

Opportunity Commission alleging, in relevant part, age discrimination, Plaintiff commenced this

action in federal court.  (*See* ECF Nos. 1, 74-1 at 87.)  On November 30, 2017, Plaintiff served

discovery requests on Defendants.  (*See* ECF No. 74 at 2; ECF No. 82 at 1.)  Defendants

answered those requests in December of 2017 and May of 2018.  (*Id.*)  Yet, as of this date,

Plaintiff has not filed initial disclosures or responded to any of Defendants' discovery requests.

(*Id.*)

## Analysis

Summary judgment is appropriate if the moving party demonstrates that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

*See* Fed. R. Civ. P. 56(a); *see also Grynberg v. Total*, 538 F.3d 1336, 1346 (10th Cir. 2008).

When employing this standard, the court must view the evidence and all reasonable inferences

therefrom in the light most favorable to the nonmoving party. *See City of Harriman v. Bell*, 590

F.3d 1176, 1181 (10th Cir. 2010). "There is no genuine issue of material fact unless the evidence,

construed in the light most favorable to the nonmoving party, is such that a reasonable jury could

return a verdict for the non-moving party." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875

(10th Cir. 2004).

An issue of fact is "genuine if the evidence is such that a reasonable jury could return a

verdict for the non-moving party." *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir.

2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d

202 (1986)).  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *See Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

In attempting to meet this standard a movant that does not bear the ultimate burden of persuasion at trial, need not negate the other party's claim. *See Adams v. Am. Guar. & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).  Rather, the movant need simply point to a lack of evidence for an essential element of the opposing party's claim.  *Id.*

After the movant has met this initial burden, the onus shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256).  The non-moving party may not simply rest upon its pleadings to satisfy its burden.  *See Anderson*, 477 U.S. at 256, 106 S. Ct. 2505; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the non-movant."  *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671); *see Kannady*, 590 F.3d at 1169. The facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Adams*, 233 F.3d at 1246.  The non-moving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation.  *See Argo v. Blue Cross & Blue Shield of Kan., Inc.,* 452 F.3d 1193, 1199 (10th Cir. 2006).

In the weeks that followed his transition to Mr. Meeks' team, Plaintiff contends that he informed Mr. Meeks and Mr. Scherzinger about Wells Fargo defaulting on loans that were not in

fact in default, increasing interest rates contrary to the terms of the loan, and illegally and unethically charging fees to trust accounts. (*See* Am. Compl. at 4.) In response, Plaintiff claims he was targeted by Mr. Meeks and Mr. Scherzinger as they began a concerted effort to intimidate him and other employees over 40 years of age resulting in a hostile work environment. *Id.* Defendants deny these allegations. With summary judgment, however, Plaintiff must support these alleged facts by "…reference to an affidavit, a deposition transcript, or a specific exhibit" that is part of the record. *Adams*, 233 F.3d at 1246. Here, Plaintiff has failed to produce even a modicum of evidence in support of his claims that he was targeted as a result of age.

Defendants, however, have submitted approximately 375 pages of documents including Plaintiff's personnel file, records of discipline, and the employee handbook that was in effect during Plaintiff's tenure at Wells Fargo, shoring up their claim that Plaintiff was not terminated as a result of his age. (*See* ECF No. 74-1 at 1-375.) Instead, Plaintiff's employment was terminated after he repeatedly failed to perform his duties even after Wells Fargo engaged in corrective efforts.

While reviewing the evidence in a light most favorable to Plaintiff, there is nothing before the court that supports Plaintiff's causes of action against Defendants. To the contrary, the documents verify Defendants' efforts to work with Plaintiff to ameliorate his performance issues in order to have him continue on as an employee. Such efforts include Mr. Scherzinger's nearly weekly meetings with Plaintiff, between April and May of 2013, to help him prioritize projects, Mr. Scherzinger's offers to assist Plaintiff in completing tasks, and his reminders of important dates for Plaintiff to obtain and submit loan packages. Despite these efforts, it is uncontroverted that Plaintiff continued to miss deadlines and failed to complete projects. Therefore, Defendants

terminated Plaintiff's employment not because of his age but due to poor performance. Consequently, it is unlikely a reasonable jury could return a verdict for Plaintiff.

Moreover, Plaintiff has not set forth any specific facts showing that there is a genuine issue for trial.  Rather, he claims Defendants' discovery responses are incomplete.  (*See* ECF No. 82.)  This claim, however, is untenable in light of the hundreds of pages that Defendants have provided to Plaintiff in response to discovery and to the court in support of its Motion for Summary Judgment.

Plaintiff, on the other hand, has not provided initial disclosures, has failed to answer discovery requests, and did not offer any documents in support of his opposition to Defendants' Motion for Summary Judgment.  (*See* ECF Nos. 74, 82.)  As a result, Plaintiff cannot avoid summary judgment by resting on his claim of incomplete discovery.  Accordingly, it is recommended that the Court grant Defendants' Motion for Summary Judgment and as a result Defendants' Motion to Strike and Plaintiff's Motion to Compel should be rendered moot.

## <u>Recommendation</u>

For the reasons discussed above, the Court **RECOMMENDS** the District Court grant Defendants' MSJ. (ECF No. 74.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within fourteen (14) days of being served with a copy, any party may serve and file written objections.  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 15th day of January, 2019.

By the Court:

Dustin B. Pead
United States Magistrate Judge